**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

JOSEPH PRIOLA and DIANE PRIOLA,
as Assignees of Mandilynne Peck,

      Plaintiffs,

v.                                    Case No: 5:25-cv-787-JSM-PRL

PROGRESSIVE SELECT INSURANCE
COMPANY,

      Defendant.

_____

## ORDER

THIS CAUSE is before the Court on Defendant's Motion for Judgment on the Pleadings (Dkt. 15).   The Court, having reviewed the motion, response, reply, and being otherwise advised in the premises, concludes that the motion should be granted because the pleadings show that Defendant tendered the policy limits within ninety days of the accident.   This insurance bad faith action is therefore precluded under Florida Statute Section 624.155(4)(a).

## FACTS

On October 31, 2025, Plaintiffs Joseph Priola and Diane Priola, as assignees of Mandilynne Peck, filed this common law bad faith action against Defendant Progressive Select Insurance Company in the Circuit Court of the Fifth Judicial Circuit, in and for Hernando County, Florida.   Plaintiffs allege that Progressive acted in bad faith in the

handling of a bodily injury ("BI") claim brought against Progressive's insured, Mandilynne Peck ("Peck"), and arising from a November 1, 2019, motor vehicle accident.

On December 4, 2025, Progressive timely removed the action to federal court. On December 11, 2025, Progressive filed its Answer and Affirmative Defenses to Plaintiffs' Complaint. Now, Progressive moves for judgment on the pleadings based on the following material facts, which are undisputed and taken directly from the pleadings and attachments thereto.

On November 1, 2019, Peck operated a motor vehicle which collided with Joseph Priola's vehicle. As a result of the crash, Plaintiffs sustained damages. On the date of the accident, Progressive insured Peck under an insurance policy that provided BI coverage in the amount of $10,000 per-person and $20,000 per-accident.

On November 13, 2019, (12 days after the accident), Progressive tendered the full $10,000 BI policy limits to Brent Lowman, the underlying attorney representing Plaintiffs for damages sustained in the accident. Plaintiffs' claims did not settle, and they filed a lawsuit against Peck. The underlying lawsuit resulted in a final judgment against Peck entered on September 12, 2023, in the amount of $4,395,257.14 in favor of Joseph Priola and $370,000 in favor of Diane Priola. Also, on January 24, 2025, a final judgment for attorney's fees was entered in Plaintiffs' favor in the amount of $363,287.50.

Progressive argues that it is entitled to judgment on the pleadings because it cannot be found liable for bad faith under Fla. Stat. §624.155(4)(a). As explained further below, the Court agrees that the pleadings show Progressive is entitled to judgment as a matter of law.

## JUDGMENT ON THE PLEADINGS STANDARD

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014) (citing *Cannon v. City of W. Palm Beach,* 250 F.3d 1299, 1301 (11th Cir. 2001)).   To determine whether a party is entitled to judgment on the pleadings, courts accept as true all material facts alleged in the non-moving party's pleading and view those facts in the light most favorable to the non-moving party. *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998).   As with a motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957)).   "If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." *Perez*, 774 F.3d at 1335.

## DISCUSSION

On March 24, 2023, Fla. Stat. § 624.155 was amended to include, for the first time, a safe harbor to protect insurers from a finding of bath faith liability.   Specifically, House Bill ("HB") 837, as it is commonly known, provides that "[a]n action for bad faith involving a liability insurance claim, including any such action brought under the common law, *shall not lie* if the insurer tenders the lesser of the policy limits or the amount demanded by the claimant within 90 days after receiving actual notice of a claim which is accompanied by sufficient evidence to support the amount of the claim."   § 624.155(4)(a),

3

Fla. Stat. (2023) (emphasis added).   The Legislature expressly states the amendment applies to "causes of action filed after March 24, 2023."   *See* § 624.155 n. 1(B), Fla. Stat. (2023)1(B), Fla. Stat. (2023) ("Section 30, ch. 2023-15, provides that "[e]xcept as otherwise expressly provided in this act, *this act shall apply to causes of action filed after March 24, 2023*.") (emphasis added).

"Considering the plain language of section 624.155(4)(a), where it is undisputed that an insurance company tendered the lesser of the policy limits or the amount demanded by the claimant within ninety days, a plaintiff cannot pursue a bad faith claim against the insurance company."   *See Chambers v. Progressive Select Ins. Co.*, No. 6:24-CV-141-JSS-DCI, 2025 WL 1665722, at *3 (M.D. Fla. June 12, 2025) (granting a motion for judgment on the pleadings for a bad faith claim in favor of an insurance company where final judgments were received and the cause of action was initiated after March 24, 2023, and the company tendered the policy limits within ninety days); *Oxonian v. GEICO Gen. Ins. Co.*, No. 8:24-CV-1351-MSS-AAS, 2025 WL 555621, at *3–*5 (M.D. Fla. Jan. 3, 2025) (same); *Dial v. GEICO Gen. Ins. Co.*, No. 8:23-cv-1650-VMC-TGW, 2024 WL 3470363 at *10 (M.D. Fla. July 19, 2024) (granting summary judgment on a bad faith claim in favor of an insurance company on the same basis).

As stated above, this bad faith action was filed on October 31, 2025, i.e., after March 24, 2023.   More important, Plaintiffs' right to sue Progressive for bad faith did not accrue or become a vested right until *after* section 624.155(4)(a) became effective because the excess final judgment against Peck was entered on September 12, 2023, and the attorney's fee judgment was entered on January 24, 2025.

As Progressive argues, Florida law is clear that "[t]he determinative point in time separating prospective from retroactive application of an enactment is the date the 'cause of action' accrues." *Fla. Ins. Guar. Ass'n, Inc. v. Bernard*, 140 So. 3d 1023, 1029 (Fla. 1st DCA 2014); *Suarez v. Port Charlotte HMA, LLC*, 171 So. 3d 740, 742 (Fla. 2d DCA 2015) (same); *Agency for Health Care Admin. v. Payas*, 372 So. 3d 787, 789 (Fla. 6th DCA 2023) (same); *Universal Prop. & Cas. Ins. Co. v. Laguna Riviera Condo. Ass'n, Inc.*, 386 So. 3d 629, 633 (Fla. 2d DCA 2024) ("Universal, standing in the Perezes' shoes, did not have a vested right to sue the Association until July 13, 2021—after the amendment to section 627.714(4) became effective."); *Raphael v. Shecter*, 18 So. 3d 1152, 1157 (Fla. 4th DCA 2009) ("Florida law is well established that the right to sue on an inchoate cause of action—one that has not yet accrued—is not a vested right because no one has a vested right in the common law, which the Legislature may substantively change prospectively.").

Florida law is also clear that a cause of action for bad faith accrues when the insured is legally obligated to pay an excess judgment. *Kelly v. Williams*, 411 So. 2d 902, 904 (Fla. 5th DCA 1982) ("[A] cause of action for bad faith arises when the insured is legally obligated to pay a judgment that is in excess of his policy limits."); *Whritenour v. Thompson*, 145 So. 3d 870, 873 (Fla. 2d DCA 2014) ("Under Florida law, a bad faith action is a separate cause of action that does not arise until an insured is legally obligated to pay an excess judgment."); *Cunningham v. Standard Guar. Ins. Co.*, 630 So. 2d 179, 181 (Fla. 1994) ("Under ordinary circumstances, a third party must obtain a judgment against the insured in excess of the policy limits before prosecuting a bad-faith claim against the insured's liability carrier."); *Wright Ins. Agency, Inc. v. Nationwide Mut. Fire Ins. Co.*, 328

So. 3d 331, 334 (Fla. 2d DCA 2021) ("A cause of action for third-party bad faith against an insured's liability carrier is not ripe until the third party obtains a judgment against the insured for an amount that exceeds the insured's policy limits.").

In their response to Progressive's motion, Plaintiffs do not dispute that Progressive tendered the policy limits within ninety days of the accident. Plaintiffs also concede that Progressive would be entitled to judgment as a matter of law if section 624.155(4)(a) applies to this case. Plaintiffs oppose judgment on the pleadings because they contend that section 624.155(4)(a) should not be applied "retroactively" to insurance policies issued before the statute was enacted or events that occurred before the amendment.

As Progressive points out in its reply, Plaintiffs' argument that the date the insurance policy was issued controls is misplaced and has already been rejected by at least four of the Court's sister courts because the relevant date is when the bad faith action accrued. *See Direct Gen. Ins. Co. v. Creamer*, 2025 WL 2780245, at \*4 (M.D. Fla. Sept. 30, 2025) ("Courts in this district have persuasively held that allowing the safe harbor in cases such as this one is a prospective, not retroactive, application of the law, even when both the insurance policy was issued and the accident occurred before March 24, 2023."); *Michael v. GEICO Gen. Ins. Co.*, 2024 WL 3470363, at \*10 n. 1 (M.D. Fla. July 19, 2024) (same); *Oxonian*, 2025 WL 555621, at \*4 (same); *Chambers*, 2025 WL 1665722, at \*4 (same).

In the instant case, the bad faith cause of action accrued when the excess judgment was entered against the insured on September 12, 2023, which was *after* section 624.155(4)(a)'s effective date of March 24, 2023. *See Oxonian*, 2025 WL 555621, at \*4 (stating that the "'right' to file a bad faith action against [the defendant insurance company]

6

did not arise until the final judgment was entered against the insureds"); *Dial*, 2024 WL 3470363, at *10 n.1 (stating the same with respect to a final judgment entered in May 2023).  So, contrary to Plaintiffs' position, the Court is applying the statute prospectively, not retroactively.  Simply put, "the court does not look backwards to the terms of the contract but rather looks forward to the cause of action, which arose after the entry of final judgment and thus after the statute's effective date."  *Chambers*, 2025 WL 1665722, at *4.

In sum, Florida Statute Section 624.155(4)(a) applies prospectively, and it is undisputed on the face of the pleadings that Plaintiffs' bad faith cause of action, if any, accrued after section 624.155's effective date.  It is also undisputed that Progressive tendered the policy limits within ninety days of the accident, so section 624.155's safe harbor provision clearly precludes this action.

Accordingly, it is ORDERED AND ADJUDGED that:

1.  Defendant's Motion for Judgment on the Pleadings (Dkt. 15) is granted.

2.  The Clerk of Court is directed to enter Final Judgment in favor of Defendant and against Plaintiffs.

3.  The Clerk of Court is further directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida, this 6th day of March, 2026.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record